PER CURIAM.
This disciplinary proceeding by The Florida Bar against Stephen W. Toothaker, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. No petition for review pursuant to Florida Bar Integration Rule, article XI, Rule 11.09(1), has been filed.
Having considered the pleadings and evidence, the referee found in part as follows:

As to Count I

Count I alleges a violation of Disciplinary Rules 1-102(A)(4) and 1-102(A)(6) which prohibit attorneys from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation or in any other conduct that adversely reflects on an attorney’s fitness to practice law. The facts surround a real estate contract, ... On this contract Stephen Toothaker, Esq. is listed as having received a deposit to be held in escrow....

I find that Respondent acted as an escrow agent. As such he had a fiduciary relationship to the sellers. I find that he breached this relationship by favoring his *552 own client’s interests over those of the sellers and allowed his own client to gain an improper advantage. I find that the sellers were misled to their detriment by the real estate contract. That the sellers relied upon the representation that Respondent was an attorney and that as escrow agent he would be faithful to his fiduciary relationship. I find that Respondent acted deceitfully and misrepresented the true facts to the sellers by not disclosing that the check was not being deposited promptly, by refusing to answer the questions asked in their letters specifically about the date the check had been deposited and the date it had been dishonored and by refusing to faithfully disclose to his escrow principals all pertinent facts known to him concerning the dishonor of the deposit check.

As to Count II

Count II alleges a violation of Disciplinary Rule 6-101(A)(3), the neglect of a legal matter entrusted to an attorney. ...
In summary, Letters of Administration were issued in June of 1981, all claims were paid by December of 1981. For no explainable reason, safe deposit box assets were not obtained until March of 1982, no steps were taken to transfer the AT & T stock until August of 1982 and then it took two and a half months. In October of 1982 a distribution to all of the beneficiaries except the residual beneficiary was made. The residual beneficiary’s distribution was made in August of 1983 over two years after the Letters of Administration had been entered and a year and a half after Mr. Toothaker started receiving letters from Mr. Leonard on behalf of the heirs. This was a case with no particular complications.... I find that Respondent did violate Disciplinary Rule 6-101(A)(3) by neglecting a legal matter entrusted to him. I find that as a direct result of his neglect the heirs, Mrs. Beatrice Goslee and Mr. Richard Remus had to expend $300.00 in attorney’s fees to Mr. William Leonard. I also find: that the heirs became extremely upset with the unnecessary delay; that the heirs were entitled to have their certified letters, inquiries from attorneys and phone calls answered; that the interested parties were entitled to be given a forthright explanation of the status of the case; and that there was ho real cause for delay in the case.
It is my opinion having observed the Respondent and having listened to the testimony of this case that Respondent is capable of competently practicing law. In these two instances he failed to maintain the necessary integrity required of an ethically responsible lawyer.
The referee recommends that respondent be found guilty of violating Disciplinary Rules 1-102(A)(4) and (6) and 6-101(A)(3) and that he receive a public reprimand and be required to reimburse the beneficiaries for the legal fees expended under the facts in Count II. Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Publication of this opinion in Southern Reporter will serve as respondent’s public reprimand and respondent is directed to reimburse the beneficiaries for the $300 in legal fees expended under the facts in Count II.
Judgment for costs in the amount of $1,433.95 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.